PER CURIAM.
The issue presented in this appeal is whether the trial court erred in suppressing certain text messages discovered on the defendant’s cell phone by the arresting officer incident to the defendant’s arrest. The State argues that the officer had the right to look at the contents of the defendant’s cell phone as a search incident to the defendant’s lawful arrest without first obtaining a search warrant authorizing a search of the cell phone. We agree and reverse.
The facts are not in dispute. The defendant, Ricardo Glaseo, was arrested for possession of cocaine with intent to sell or deliver, possession of cannabis, and use or possession of drug paraphernalia. After Glaseo was handcuffed, the police searched his person and discovered his cell phone. Glaseo was transported to the police station, where officers conducted a further search of the cell phone while he was being processed into the jail. Text messages retrieved from the cell phone revealed that Glaseo had cocaine he intended to sell. The arresting officer had no fear that any evidence on the cell phone would be destroyed once Glaseo was handcuffed. While he did fear for his safety prior to handcuffing Glaseo, the handcuffs alleviat *906 ed that fear. A search warrant was not obtained prior to the search of the cell phone.
Glaseo moved to suppress all evidence obtained as a result of the assertedly unlawful search of his cell phone, including texts, photographs, and call history. The trial court granted the motion and the State appeals.
At the time the trial court rendered its suppression order, Smallwood v. State, 61 So.Bd 448 (Fla. 1st DCA), review granted, 68 So.3d 235 (Fla.2011), had not been decided. In Smallwood, the court upheld the denial of the appellant’s motion to suppress photographs discovered on the appellant’s cell phone by the arresting officer incident to his arrest. The First District Court surveyed applicable state and federal law and concluded:
In the instant case, there is nothing in particular about the crime for which appellant was arrested nor any information about this case which would have led the officer reasonably to believe the cell phone contained evidence related to the crime for which appellant was being arrested. We are, however, constrained to affirm the denial of the motion to suppress based on article I, section 12 of the Florida Constitution, which mandates we follow United States Supreme Court precedent in the area of search and seizure. Therefore, we are bound by the Supreme Court’s decision of United States v. Robinson, 414 U.S. 218, 234, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), in which the Court held containers found upon a person incident to arrest may be searched without “additional justification.” We are not unmindful, however, of the unique qualities of a cell phone which, like a computer, may contain a large amount of sensitive personal information. We, therefore, also certify a question of great public importance concerning whether the general rules announced in Robinson, 414 U.S. 218, 94 S.Ct. 467, regarding searches incident to arrest are applicable to information contained on a cell phone held on an arres-tee’s person.
Id. at 448. The court certified the following question:
DOES THE HOLDING IN UNITED STATES V. ROBINSON, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), ALLOW A POLICE OFFICER TO SEARCH THROUGH PHOTOGRAPHS CONTAINED WITHIN A CELL PHONE WHICH IS ON AN ARRESTEE’S PERSON AT THE TIME OF A VALID ARREST, NOTWITHSTANDING THAT THERE IS NO REASONABLE BELIEF THAT THE CELL PHONE CONTAINS EVIDENCE OF ANY CRIME?
Id, at 462.
After Smallwood was released, the First District Court again faced a cell phone search issue in Fawdry v. State, 70 So.3d 626 (Fla. 1st DCA 2011). There, photographs showing the sexual performance of a child were discovered stored in the appellant’s cell phone by officers when they searched the cell phone upon his arrest on other charges. The court again upheld the denial of a motion to suppress evidence discovered on a cell phone. The court acknowledged that case law from other jurisdictions was not unanimous on this issue. Specifically, an Ohio court, State v. Smith, 124 Ohio St.3d 163, 920 N.E.2d 949, 954-55 (2009), cert. denied, — U.S. -, 131 S.Ct. 102, 178 L.Ed.2d 242 (2010), had concluded that the search of a cell phone was more intrusive than the search of the contents of a physical container and that an individual has a greater expectation of privacy in the contents of the cell phone as a result, whereas, on the other hand, the Fifth Circuit, in United States v. Finley, 477 F.3d 250 (5th Cir.), cert. denied, 549 U.S. 1353, 127 S.Ct. 2065, 167 L.Ed.2d 790 *907 (2007), had concluded that a cell phone is like any other container and could properly be searched incident to an arrest. Id. at 260. The First District Court aligned itself with the analysis in Finley, writing:
We are unpersuaded by Smith. Although it may be true that a digital file itself is “wholly unlike any physical object found within a closed container,” the information found within it is likely no different than information found within a printed physical copy of a digital file. Indeed, before the innovations made available in current cell phone technology, the information contained within digital files would have been contained in tangible copies and carried in closed containers. Digital files and programs on cell phones have merely served as replacements for personal effects like address books, calendar books, photo albums, and file folders previously carried in a tangible form. Viewed in this light, the cell phone merely acts as a case (i.e. closed container) containing these personal effects. When in tangible form, the aforementioned personal effects could clearly be searched incident to arrest if found in a case carried on the suspect’s person or in a vehicle which the suspect occupied. See Savoie, 422 So.2d at 313-14; see also Robinson, 414 U.S. at 235-36 [94 S.Ct. 467]. Accordingly, a search of a digital version of these personal effects would be similarly permissible. After all, it is the information itself in which a person’s privacy interests lie. See Finley, 477 F.3d at 259 (explaining that although the defendant’s employer owned the telephone, the defendant still “had a reasonable expectation of privacy in the call records and text messages on the cell phone”). Accordingly, a distinction based upon the manner in which that information is stored is unwarranted.
Fawdry further argues that, even if we analogize the cell phone to a container, the search in this ease was still unlawful because, under Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), searches of containers under [New York v.] Belton [453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) ] are limited to searches for evidence of the crime of arrest. We believe that this argument is misplaced. The Gant court did not recede from Belton, but rather corrected what it deemed to be an overly broad reading of that opinion by other courts. See Gant, 129 S.Ct. at 1718-19. Thus, the Gant court held that Belton does not justify the search of a vehicle where a suspect is secured and not able to reach the area of the car being searched. Id. at 1719. This limitation is not relevant in the case before us because a vehicle search did not occur. Here, Fawdry was arrested at his home, his cell phone was found on his person, and he was searched immediately following his lawful arrest.
We find that the instant case is analogous to our recent decision in Smallwood v. State, 61 So.3d 448 (Fla. 1st DCA 2011). We agree with the analysis in Smallwood and find that Robinson is dispositive here. As the Smallwood panel notes, Robinson permits an officer to inspect any item found on the person of a suspect. See Robinson, 414 U.S. at 236, 94 S.Ct. 467. A court is not permitted to second guess the decision to inspect such items by weighing the “probability in a particular arrest situation that weapons or evidence would in fact be found[.]” Id. at 235, 94 S.Ct. 467. A search incident to a lawful arrest is “reasonable” per se under the Fourth Amendment. Id. The Gant court did nothing to alter this rule in the context *908 of the instant case. Accordingly, the search of Fawdry’s cell phone incident to his arrest was not a violation of the Fourth Amendment.
Because Fawdry’s motion to suppress evidence seized from his cell phone was without merit, we AFFIRM. We certify a question of great public importance similar to the question certified in Smallwood:
DOES THE HOLDING IN U.S. v. ROBINSON, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) ALLOW A POLICE OFFICER TO SEARCH THROUGH PHOTOGRAPHS CONTAINED WITHIN A CELL PHONE WHICH IS ON AN ARRESTEE’S PERSON AT THE TIME OF A VALID ARREST?
Id. at 630-31.[1]
Pursuant to Fawdry and Smallwood, we reverse the order granting the motion to suppress and remand this case to the trial court for further proceedings. We certify to the Florida Supreme Court a question of great public importance similar to the questions certified in Fawdry and Small-wood:
DOES THE HOLDING IN UNITED STATES v. ROBINSON, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), ALLOW A POLICE OFFICER TO SEARCH THROUGH INFORMATION CONTAINED WITHIN A CELL PHONE THAT IS ON AN ARRES- *909 TEE’S PERSON AT THE TIME OF A VALID ARREST?
REVERSED AND REMANDED.
ORFINGER, C.J., SAWAYA, and EVANDER, JJ., concur.

. The court in Gracie v. State, 92 So.3d 806, 2011 WL 6278304 (Ala.Crim.App.2011), quoted approvingly from Fawdry and acknowledged the decision in Smallwood. In Grade, the defendant was transported to the police station and placed under arrest there. The officer performed a warrantless search of the cell phone found on the defendant in an attempt to find evidence that an accomplice had participated in the crime. An incriminating text message was found on the phone, which itself was not password protected. The defendant argued that the search of his phone exceeded the scope of a permissible search incident to arrest. The court rejected that argument and affirmed the denial of the defendant’s motion to suppress. The court engaged in a survey of similar cases and specifically noted the following jurisdictions as upholding warrantless searches of cell phones upon arrest:
In addition to California, other jurisdictions have also held that a warrantless search of a defendant's cellular telephone following the defendant's arrest did not violate Fourth Amendment principles. See United States v. Murphy, 552 F.3d 405, 411-12 (4th Cir.2009); United States v. Finley, 477 F.3d 250, 259-60 (5th Cir.2007); United States v. Santillan, 571 F.Supp.2d 1093, 1102 (D.Ariz.2008); United States v. Deans, 549 F.Supp.2d 1085, 1093-94 (D.Minn. 2008); Fawdry v. State, 70 So.3d 626, 630 (Fla.Dist.Ct.App.2011); Smallwood v. State, 61 So.3d 448 (Fla.Dist.Ct.App.2011); Hawkins v. State, 307 Ga.App. 253, 704 S.E.2d 886, 892 (2010) (all holding that the war-rantless search of the contents of a cellular telephone was a valid search incident to arrest).
92 So.3d at 810-11, 2011 WL 6278304 at *4; see also United States v. Hill, 2011 WL 90130 (N.D.Cal.2011) (upholding search of cell phone conducted immediately upon its discovery on arrestee's person; finding cell phone should be treated no differently than a wallet taken from a defendant's person); United States v. Deans, 549 F.Supp.2d 1085, 1094 (D.Minn.2008) (agreeing that "if a cell phone is lawfully seized, officers may also search any data electronically stored in the device”). It was observed in United States v. Rodriguez-Gomez, 2010 WL 5524891 (N.D.Ga.2010), that there are no Eleventh Circuit cases directly on point, but that the Eleventh Circuit has approved, as a search incident to arrest, the placement of batteries into a pager removed from the defendant’s car upon his arrest to determine if the pager would beep, citing United States v. Diaz-Lizaraza, 981 F.2d 1216, 1222-23 (11th Cir.1993). The court in Rodriguez-Gomez proceeded to uphold, as a search incident to arrest, the removal of a cell phone from the defendant’s belt clip and subsequent perusal thereof, purportedly to locate a phone number at the defendant’s request, but which eventually yielded information pertinent to the arrest.